11-4406-cv
*Gioia v. Forbes Media LLC*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of November, two thousand and twelve.

PRESENT:

> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
>
> > *Circuit Judges.*

---

JOHN GIOIA, as executor of Linda Antonelli, deceased, ANDRES RAATMA, as executor of Linda Antonelli, deceased,

> *Plaintiffs-Appellants*,

LINDA ANTONELLI,

> *Plaintiff,*

    -v.-                                              No. 11-4406-cv

FORBES MEDIA LLC, FORBES INC., FORBES UNITED HEALTHCARE HEALTH PLAN,

> *Defendants-Appellees*.

---

REBECCA J. OSBORNE (Anne C. Vladeck, *on the brief*), Vladeck, Waldman, Elias & Engelhard, P.C., New York, N.Y., *for Plaintiffs-Appellants*.

PATRICK M. COLLINS, McCarter & English, LLP, New York, N.Y., *for Defendants-Appellees*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court entered on September 30, 2011 is **AFFIRMED**.

Plaintiffs-Appellants John Gioia and Andres Raatma appeal from a September 30, 2011 order of the United States District Court for the Southern District of New York (Sullivan, *J.*) granting summary judgment on Linda Antonelli's claims of unlawful interference with health plan benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, and employment discrimination in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"). Plaintiffs-Appellants are executors of Antonelli's estate. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review an order granting a motion for summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the non-moving party. *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of fact exists for summary judgment purposes "where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (citing *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)). A party "must provide more than conclusory allegations to resist a motion for summary judgment" and must "show more than 'some metaphysical doubt as to the material facts.'"

2

*Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

    1. <u>ERISA</u>

ERISA § 510 makes it unlawful for an employer to, among other things, terminate an employee either in retaliation for using a qualified employee health plan or in order to interfere with the employee's use of that plan. 29 U.S.C. § 1140. ERISA discrimination claims are evaluated under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Dister v. Cont'l Grp., Inc.*, 859 F.2d 1108, 1111–12 (2d Cir. 1988). Under that framework, if a plaintiff puts forth a *prima facie* case of discrimination and the defendant then provides a non-discriminatory reason for its actions, the burden shifts back to the plaintiff to prove that the defendant's proffered reason is pretextual. *Id.* at 1111. Here, Defendants-Appellees Forbes Media LLC, Forbes Inc., and Forbes United Healthcare Health Plan ("Forbes Media") contend that Antonelli was terminated as part of an effort to reduce costs during an economic downturn. The District Court held that Plaintiffs-Appellants failed to raise a genuine issue as to whether this reason was a pretext for discrimination. We agree.

As we have said, an "essential element" of this ERISA claim is that defendants were motivated by a specific intent to engage in activity prohibited by § 510 so that the loss of benefits was not "a mere consequence of, but . . . a motivating factor behind, a termination of employment." *Id.* (quoting *Titsch v. Reliance Grp., Inc.*, 548 F. Supp. 983, 985 (S.D.N.Y. 1982)) (internal quotation marks omitted). Here, there is no evidence that Moira Forbes and Meredith Levien, the supervisors who made the decision to lay off Antonelli in November 2008, had any knowledge of Antonelli's health insurance claims or claim history. Plaintiffs-Appellants argue that Forbes Media

3

hired new employees around the same time it fired Antonelli, undercutting the claim that her termination was part of an effort to reduce costs. The record is undisputed, however, that those new employees filled different, preexisting positions, and that Antonelli was one of at least three people terminated in her working group between November 2008 and May 2009. We similarly conclude that the November 11, 2008 email sent between Antonelli's supervisors fails to establish a genuine issue of fact. Nothing in that email suggests an intent on the supervisors' part to terminate Antonelli in order to cut health care costs. And Plaintiffs-Appellants do not dispute that Forbes Media, facing a deteriorating business environment in 2008 and 2009, terminated a number of other employees across its various departments.

2.  NYSHRL and NYCHRL Claims

The NYSHRL and NYCHRL make it unlawful, among other things, for an employer to discharge an employee because of his or her disability. N.Y. Exec. Law § 296(1); N.Y.C. Admin. Code § 8-107. The NYSHRL and NYCHRL also prohibit retaliation against employees for engaging in protected conduct, N.Y. Exec. Law § 296(7); N.Y.C. Admin. Code § 8-107, which we assume for purposes of this appeal to include seeking accommodations for a disability.

Discrimination and retaliation claims under § 296 of the NYSHRL are also analyzed under the *McDonnell Douglas* framework. *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010). Assuming *arguendo* that Plaintiffs-Appellants made out *prima facie* cases of discrimination and retaliation under the NYSHRL, they still failed to raise a genuine issue as to whether Forbes Media's proffered reason for terminating Antonelli was pretextual. Plaintiffs-Appellants point to five emails sent between Forbes and other coworkers that contain negative and insensitive remarks about Antonelli. These emails, however, took place months before Antonelli was terminated, and while

4

disparaging of Antonelli, are not a sufficient basis on which to conclude that she was terminated because of her illness, as opposed to Forbes Media's diminishing business prospects. We have said that "stray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination." *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998). Such is the case with regard to these emails.

We review claims under the NYCHRL "independently from and 'more liberally' than" federal or state discrimination claims. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (citing *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 31 (N.Y. App. Div. 1st Dep't 2009)). Moreover, since the District Court's decision here, the First Department has addressed "whether, and to what extent, the three-step burden-shifting approach set forth in [*McDonnell Douglas*] must be modified for City HRL claims." *Bennett v. Health Mgmt. Sys., Inc.*, 936 N.Y.S.2d 112, 116 (N.Y. App. Div. 1st Dep't 2011). *Bennett* explained that in order to obtain summary judgment on a NYCHRL claim, a defendant must show that "no jury could find defendant liable under any of the evidentiary routes: under the *McDonnell Douglas* test, or as one of a number of mixed motives, by direct or circumstantial evidence." *Id.* at 121.

We assume *arguendo* that *Bennett* correctly states the standards to be applied to NYCHRL claims. We nevertheless conclude that even pursuant to a mixed-motive framework there is still no genuine issue as to whether discriminatory intent motivated Antonelli's termination. Antonelli was one of many employees laid off by Forbes Media at a time when its business prospects were deteriorating. Short of speculation, there is no evidence that Antonelli's illness played even a partial motivating role in the decision to terminate her.

5

Nor have Plaintiffs-Appellants established a genuine issue of fact as to whether retaliatory intent motivated Antonelli's termination, pursuant to either the NYSHRL or the NYCHRL. Plaintiffs-Appellants have put forth no evidence that Antonelli's requests for accommodation, which included time off to go to doctors' appointments and taxi rides to work, provoked animus in her supervisors. To the contrary, her supervisors readily granted these requests. Nor is there any temporal proximity between when Antonelli first requested these accommodations and when she lost her job. Given this lack of evidence, the district court rightly dismissed both the NYSHRL and NYCHRL claims.

We have reviewed the Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk